# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE B. HADLEY, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-cv-468-JPG-PMF |
| PAT QUINN, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are defense motions to dismiss and plaintiff's motion for leave to amend (Doc. Nos. 18, 28, 29, 47, 49).[1] Plaintiff Willie B. Hadley Jr. seeks damages and other relief pursuant to § 1983, based on allegations that he was deprived of his liberty and other rights protected by the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. The following defendants seek dismissal under Rule 12(b) of the Federal Rules of Civil Procedure: St. Clair County Jail; Pat Quinn; Illinois Department of Corrections; Monroe County Board; Monroe County, Illinois; Monroe County Jail; St. Clair County Jail; Dale Engelman; Angela Chaney; and State Appellate Defender Fifth District. Although plaintiff did not file a timely response to these motions, the Court has considered positions he advanced in support of his request for leave to amend (Doc. No. 49).

A federal complaint requires only a short and plain statement of the claim. Fed. R. Civ. P. 8(a). In evaluating these motions, Court assumes as true all well-pleaded allegations and draws

---

[1] Defendant Julie Davinroy recently filed her motion to dismiss (Doc. No. 52). That motion is not addressed in this Report and Recommendation.

reasonable inferences in Hadley's favor. A claim will be dismissed under Rule 12(b)(1) if the allegations and inferences do not support a finding of subject matter jurisdiction. A claim that fails to state grounds for relief will be dismissed under Rule 12(b)(6). The allegations and inferences must give fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although allegations of specific facts are not required, the factual assertions must be plausible and there must be enough information to raise a right to relief above the speculative level. *Id*. A plaintiff who pleads facts showing that he has no viable claim may plead himself or herself out of court. *McCready v. eBay, Inc*., 453 F.3d 882, 888 (7th Cir. 2006).

Viewing the pro se allegations in Hadley's favor, he was arrested on July 15, 1976, and confined for a short period of time in the Monroe County Jail. He was subsequently transferred to the St. Clair County Jail after he was formally charged in the Circuit Court for St. Clair County with criminal violations. Following plea negotiations, Hadley plead guilty to a charge of first-degree murder. The prosecutor dismissed a second charge (armed robbery) and agreed not to present evidence in aggravation at Hadley's sentencing hearing.

On December 14, 1976, Hadley was sentenced on the murder charge and was ordered to serve not less than 24 years nor more than 74 years in prison. In selecting that sentence, the Judge considered factors in aggravation gleaned from a pre-sentence report. Hadley was then transferred to the custody of the Illinois Department of Corrections and was held until May, 2007, when he was released on parole. At some point, a parole violation warrant was requested and issued. The Department of Corrections took Hadley back into custody on the parole violation warrant, and the parole term was revoked. Hadley was ultimately released from custody on April 16, 2010.

Hadley is no longer confined and has served the full term of his sentence. Hadley's prior efforts to challenge his conviction in state and federal courts were not successful.[2]

Hadley has sued all defendants in their official and individual capacities.[3] He is challenging his initial arrest, his former jail detention, his conviction and sentence, his former prison confinement, and the decision to revoke his parole. He claims all state criminal proceedings are void due to a defect in his plea agreement. He also claims that state corrections authorities seized him and held him in custody beyond the end of his sentence. Finally, Hadley claims that the defendants should have recognized that the state proceedings were defective and should have ordered his release while he was still in custody.

I.  Eleventh Amendment. Defendants Quinn, Illinois Department of Corrections, Engelman, Chaney, and State Appellate Defender Fifth District assert the Eleventh Amendment and seek dismissal for lack of subject matter jurisdiction. Quinn is the Governor of the State of Illinois. Engelman and Chaney are parole agents employed by the Illinois Department of Corrections. The Illinois Department of Corrections and the State Appellate Defender Fifth District are state agencies.

The Eleventh Amendment prohibits a suit in federal court "in which the State or one of its agencies or departments is named as the defendant." *Moore v. Indiana,* 999 F.2d 1125, 1128 (7th Cir.1993) (quoting *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)). Hence, both the State of Illinois and its agencies enjoy immunity from suit in federal court. *See Ford v. Lane,* 714 F.Supp. 310, 313 (N.D.Ill.1989).

---

[2] The Court takes judicial notice that Hadley's § 2254 petition for a writ of habeas corpus was denied in *Hadley v. Haws,* No. 97-c-6636 (N.D. Ill. October 5, 1998).

[3] The caption of the Complaint reveals Hadley's intent to sue all defendants in both capacities (Doc. No. 1, p. 1).

Plaintiff responds that dismissal is not appropriate because he has sued the state defendants in both their official and individual capacities. His position is supported by the caption of the Complaint (Doc. No. 1, p. 1).

The Eleventh Amendment does not bar Hadley's individual capacity damages claims against defendants Quinn, Engelman, and Chaney. However, official capacity claims against those individuals, as well as Hadley's claims against the Illinois Department of Corrections and the State Appellate Defender are barred and should be dismissed. *Vance v. Peters*, 97 F.3d 987, 990 n. 2 (7th Cir. 1996). Because § 1983 claims against the Illinois Department of Corrections and the State Appellate Defender are barred, the remaining arguments for dismissal advanced by those defendants are not addressed in this Report and Recommendation.

II. <u>Qualified Immunity</u>. Defendants Quinn, Engelman, and Chaney also assert the defense of qualified immunity. They suggest that the defense has merit because they complied with a final judgment and acted in reliance on prior court rulings upholding Hadley's conviction.

The doctrine of qualified immunity protects government officials from liability for civil damages when their conduct does not clearly violate established statutory or constitutional rights of which a reasonable person would have known. *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010) citing *Pearson v. Callahan*, 555 U.S. 223, (2009). On a qualified immunity claim, the Court confronts two questions: (1) whether the allegations make out a deprivation of a constitutional right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *McAllister*, 615 F.3d at 881.

The specific conduct referenced as grounds for the qualified immunity defense cannot be gleaned from Hadley's Complaint. Moreover, the immunity defense does not raise a defect of subject matter jurisdiction. In these circumstances, the Court should defer evaluation of the merits

of the defense, pending further factual development. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001)(a Complaint is not generally dismissed under Rule 12(b) on qualified immunity grounds).

    III.    <u>Res Judicata</u>.  Defendants Quinn, Engelman, and Chaney also assert the defense of res judicata.  The doctrine of res judicata is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps.  *Czarniecki v. City of Chicago,* 633 F.3d 545, 548 (7th Cir.2011).  When the earlier suit is an Illinois judgment, Illinois law determines whether the claim is barred.  *Walsh Const. Co. of Illinois v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania,* 153 F.3d 830, 832 (7th Cir.1998).

    These defendants refer, in general, to litigation in St. Clair County Circuit Court.  This does not provide enough information about Hadley's prior litigation to permit a finding that they have established the elements of their res judicata defense.  Moreover, it is not clear from Hadley's Complaint that the claims he has raised here were raised in a prior action that was litigated to a final judgment.  *Id*.  A decision on this defense should also be deferred pending further development of relevant information.

    IV.    <u>Mandatory Supervised Release Calculation</u>.  Defendants Engelman and Chaney seek dismissal of the claim targeting Hadley's parole revocation on the basis that his allegations do not appear to have merit because he has not explained how his term was improperly calculated.  Whether or not this claim is meritorious is not a decision that can be made on the basis of a motion to dismiss.  Viewing Hadley's allegations in accordance with the Rule 12 standard, the claim is sufficient to survive dismissal.  The federal pleading standard does not require Hadley to articulate and explain his method of sentence calculation in order to state a claim for relief.

V. <u>Capacity to be Sued</u>. The St. Clair County Jail, Monroe County Jail, and the Monroe County Board seek dismissal on the basis that they are not entities with the capacity to be sued. This Court looks to Illinois law to determine whether a party has the capacity to be a defendant in a lawsuit. Fed. R. Civ. P. 17(b)(3). Illinois restricts lawsuits to legally existing entities. *Jackson v. Village of Rosemont*, 536 N.E.2d 720, 723 (Ill. App. 1988). Hence, county boards and county jails are not subject to suit. *Magnuson v. Cascarilla*, 812 F.Supp. 824, 827 (N.D. Ill. 1992). Because this argument has merit, all claims against the St. Clair County Jail, the Monroe County Board, and the Monroe County Jail should be dismissed with prejudice. In light of this conclusion, the remaining arguments for dismissal made by the St. Clair County Jail, the Monroe County Jail, and the Monroe County Board are not addressed.

VI. <u>Statute of Limitations</u>. Monroe County argues that Hadley's claims are time-barred. Initially, the Court notes that the statute of limitations is an affirmative defense which must ordinarily be pleaded and proved by the defendant. Because the defense is not a bar to the exercise of subject matter jurisdiction under 28 U.S.C. § 1331, the argument is evaluated not under Rule 12(b)(1) but under Rule 12(b)(6), based only on the allegations in the Complaint. *See Jay E. Hayden Foundation v. First Neighbor Bank*, 619 F.3d 382, 383-384 (7th Cir. 2010)(finding that a statute of limitations defect supported dismissal under Rule 12(b)(6)). The 2-year statute of limitations in a § 1983 case is supplied by state law, while the point of accrual is determined based on federal law. *Heard v. Sheahan*, 253 F.3d 316, 317 (7th Cir. 2001).

Monroe County argues that Hadley's Fourth Amendment claim against it accrued no later than August 21, 1976, the date on which he left the custody of the Monroe County Jail. Plaintiff maintains that the limitations period did not begin to run until April 16, 2010, the day he completed service of his prison sentence.

The only reasonable inference to be gleaned from the Complaint is that Hadley was detained at the Monroe County Jail between July 15 and August 21, 1976 (Doc. No. 1, p. 5). Hadley's Fourth Amendment claim against Monroe County accrued when Hadley was detained pursuant to legal process. Hadley alleges that he was transferred from the Monroe County Jail to the St. Clair County before he was convicted (on December 14, 1976). Accordingly, the limitations period on the Monroe County claim started to run at the latest when that period of detention ended on August 21, 1976. *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). Because the allegations demonstrate that the 2-year limitations period expired decades ago, Hadley's claim against Monroe County should be dismissed with prejudice.

VII. <u>Heck v. Humphrey</u>. The undersigned does not reach the *Heck v. Humphrey* arguments, as all defendants raising this ground have shown that they are entitled to dismissal for other reasons.

VIII. <u>Amendment</u>. Plaintiff seeks leave to amend in order to correct some of the defects identified in the motions to dismiss. Leave will be allowed if the proposed amendment will serve the interests of justice. Fed. R. Civ. P. 15(a)(2). The Court may exercise sound discretion to deny a proposed amendment if it finds undue delay in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile. *Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th C. 2002).

The proposed Amended Complaint does not accomplish plaintiff's goal of correcting the defects in his original pleading. For example, he continues to name the State Appellate Defender as a party, and sues numerous state defendants in their official capacities. Moreover, the proposed pleading does not comport with the requirement in Local Rule 15.1 that new material be underlined. This motion should be denied, without prejudice.

IT IS RECOMMENDED that the motion to dismiss filed by St. Clair County Jail (Doc. No. 18) be GRANTED. All claims against the St. Clair County Jail should be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by Monroe County, Illinois, Monroe County Board, and Monroe County Jail (Doc. No. 28) be GRANTED. All claims against these defendants should be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by defendants Quinn, State Appellate Defender, and Illinois Department of Corrections (Doc. No. 29) be GRANTED in part and DENIED in part. All claims against the State Appellate Defender and the Illinois Department of Corrections should be dismissed with prejudice. The official capacity claims against defendant Quinn should also be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by defendants Engelman and Chaney (Doc. No. 47) be GRANTED in part and DENIED in part. The official capacity claims against these defendants should be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that plaintiff's motion for leave to amend (Doc. No. 49) be DENIED without prejudice. If these recommendations are adopted, this action will proceed against defendants Quinn, Engelman, Chaney and Davenroy, in their individual capacities.

**SUBMITTED:   May 9, 2011  .**

                                      S/Philip M. Frazier
                                      **PHILIP M. FRAZIER**
                                      **UNITED STATES MAGISTRATE JUDGE**