# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE B. HADLEY, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-cv-468-JPG-PMF |
| PAT QUINN, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Julie Davinroy's motion to dismiss (Doc. No. 52). Plaintiff Willie B. Hadley Jr. seeks damages and other relief pursuant to § 1983, based on allegations that he was deprived of his liberty and other rights protected by the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Davinroy seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff did not file a timely response to the motion.

A federal complaint requires only a short and plain statement of the claim. Fed. R. Civ. P. 8(a). In evaluating this motion, Court assumes as true all well-pleaded allegations and draws reasonable inferences in Hadley's favor. Hadley's claim against Davinroy will be dismissed under Rule 12(b)(1) if the allegations and inferences do not support a finding of subject matter jurisdiction.

Viewing the pro se allegations in Hadley's favor, he was arrested on July 15, 1976, and confined for a short period of time in the Monroe County Jail. He was subsequently transferred to the St. Clair County Jail after he was formally charged in the Circuit Court for St. Clair County with criminal violations. Following plea negotiations, Hadley plead guilty to a charge of first-degree murder. The prosecutor dismissed a second charge (armed robbery) and agreed not to present evidence in aggravation at Hadley's sentencing hearing.

On December 14, 1976, Hadley was sentenced on the murder charge and was ordered to serve not less than 24 years nor more than 74 years in prison. In selecting that sentence, the Judge considered factors in aggravation gleaned from a pre-sentence report. Hadley was then transferred to the custody of the Illinois Department of Corrections and was held until May, 2007, when he was released on parole. At some point, a parole violation warrant was requested and issued. The Department of Corrections took Hadley back into custody on the parole violation warrant, and the parole term was revoked. Hadley was ultimately released from custody on April 16, 2010.

Hadley is no longer confined and has served the full term of his sentence. Hadley's prior efforts to challenge his conviction in state and federal courts were not successful.[1]

Hadley has sued defendant Davinroy in her official and individual capacities.[2] He is challenging his initial arrest, his former jail detention, his conviction and sentence, his former prison confinement, and the decision to revoke his parole. He claims all state criminal proceedings are void due to a defect in his plea agreement. He also claims that state corrections authorities seized him and held him in custody beyond the end of his sentence. Finally, Hadley claims that the defendants should have recognized that the state proceedings were defective and should have ordered his release while he was still in custody.

I. <u>Eleventh Amendment</u>. Defendant Davinroy asserts the Eleventh Amendment and seeks dismissal for lack of subject matter jurisdiction. Davinroy is a parole agent employed by the Illinois Department of Corrections.

---

[1] The Court takes judicial notice that Hadley's § 2254 petition for a writ of habeas corpus was denied in *Hadley v. Haws*, No. 97-c-6636 (N.D. Ill. October 5, 1998).

[2] The caption of the Complaint reveals Hadley's intent to sue Davinroy in both capacities (Doc. No. 1, p. 1).

The Eleventh Amendment prohibits a suit in federal court "in which the State or one of its agencies or departments is named as the defendant." *Moore v. Indiana,* 999 F.2d 1125, 1128 (7th Cir.1993) (quoting *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)). Hence, both the State of Illinois and its agencies enjoy immunity from suit in federal court. *See Ford v. Lane,* 714 F.Supp. 310, 313 (N.D.Ill.1989).

The Eleventh Amendment does not bar Hadley's individual capacity damages claim against Davinroy. However, his official capacity claim is barred and should be dismissed. *Vance v. Peters*, 97 F.3d 987, 990 n. 2 (7th Cir. 1996).

II. <u>Qualified Immunity</u>. Davinroy also asserts the defense of qualified immunity. She suggests that the defense has merit because she complied with a final judgment and acted in reliance on prior court rulings upholding Hadley's conviction.

The doctrine of qualified immunity protects government officials from liability for civil damages when their conduct does not clearly violate established statutory or constitutional rights of which a reasonable person would have known. *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010) citing *Pearson v. Callahan*, 555 U.S. 223, (2009). On a qualified immunity claim, the Court confronts two questions: (1) whether the allegations make out a deprivation of a constitutional right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *McAllister*, 615 F.3d at 881.

The specific conduct referenced as support for Davinroy's qualified immunity defense cannot be gleaned from Hadley's Complaint. Moreover, the immunity defense does not raise a defect of subject matter jurisdiction. In these circumstances, the Court should defer evaluation of the merits of the defense, pending further factual development. *See Alvarado v. Litscher*, 267 F.3d

648, 651 (7th Cir.2001)(a Complaint is not generally dismissed under Rule 12(b) on qualified immunity grounds).

    III.    <u>Res Judicata</u>.  Davinroy also asserts the defense of res judicata.  The doctrine of res judicata is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps.  *Czarniecki v. City of Chicago,* 633 F.3d 545, 548 (7th Cir.2011).  When the earlier suit is an Illinois judgment, Illinois law determines whether the claim is barred.  *Walsh Const. Co. of Illinois v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania,* 153 F.3d 830, 832 (7th Cir.1998).

    Davinroy refers, in general, to litigation in St. Clair County Circuit Court.  This does not provide enough information about Hadley's prior litigation to permit a finding that she has established the elements of her res judicata defense.  Moreover, it is not clear from Hadley's Complaint that the claims he has raised here were raised in a prior action that was litigated to a final judgment.  *Id*.  A decision on the res judicata defense should also be deferred pending further development of relevant information.

    IV.    <u>Mandatory Supervised Release Calculation</u>.  Davinroy seeks dismissal of the claim targeting Hadley's parole revocation on the basis that his allegations do not appear to have merit because Hadley has not explained how his term was improperly calculated.  Whether or not this claim is meritorious is not a decision that can be made on the basis of a motion to dismiss.  Viewing Hadley's allegations in accordance with the Rule 12 standard, the claim is sufficient to survive dismissal.  The federal pleading standard does not require Hadley to articulate and explain his method of sentence calculation in order to state a claim for relief.

V. <u>Conclusion</u>

IT IS RECOMMENDED that Davinroy's motion to dismiss (Doc. No. 52) be GRANTED in part and DENIED in part. The official capacity claim against Davinroy should be dismissed with prejudice.

**SUBMITTED: June 9, 2011 .**

**S/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**