# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE B. HADLEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-cv-468-JPG-PMF |
| | ) |
| PAT QUINN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation (Doc. 54) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motions to dismiss filed by St. Clair County Jail (Doc. 18) and Monroe County, Illinois, Monroe County Board and Monroe County Jail (Doc. 28); grant in part and deny in part the motions to dismiss filed by Quinn, State Appellate Defender and Illinois Department of Corrections ("IDOC") (Doc. 29) and Engelman and Chaney (Doc. 47); and deny the motion for leave to amend filed by plaintiff Willie B. Hadley, Jr. (Doc. 49).

**I.        Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.     The Report**

The Report notes that Hadley has sued the defendants in their individual and official capacities based on his initial arrest in 1976, his former jail detention, his conviction and sentence, his former prison confinement, the decision to revoke his parole and his seizure and custody beyond the end of his sentence.

    A.     State Defendants

The Report found that Hadley's claims against Quinn, Engelman and Chaney in their official capacities and against IDOC and the State Appellate Defender in their entirety are barred by the Eleventh Amendment. The Report rejected for the moment the argument that Quinn, Engelman and Chaney are entitled to qualified immunity and that claims against them are barred by *res judicata*. It also found that Hadley's claims against Engelman and Chaney based on calculation of his parole revocation sentence calculation were not subject to dismissal.

    B.     Municipal Defendants

The Report found that St. Clair County Jail, Monroe County Jail and Monroe County Board lacked capacity to be sued. It further found Hadley had pled facts showing his claim against Monroe County had accrued decades ago and that the statute of limitations had since run.

    C.     Amendment

The Report recommends denying Hadley leave to file the amended complaint he has tendered because it does not correct the defects noted in the motions to dismiss and does not comply with Local Rule 15.1.

**III.     Objection**

Hadley objects (Doc. 55) to two facets of Magistrate Judge Frazier's Report, which the

Court reviews *de novo*:

Hadley first objects to the finding that Monroe County should be dismissed on statute of limitations grounds. The Report noted that Hadley spent a short amount of time in the Monroe County Jail in 1976 immediately after his arrest and before his transfer to St. Clair County Jail. It concluded any cause of action accrued, at the latest, when he left the custody of the Monroe County Jail. Hadley argues in his objection that he suffered numerous constitutional violations at the hands of Monroe County during his entire period of incarceration. However, Hadley's entire incarceration cannot be laid at the feet of Monroe County, with which he only had contact in 1976. Hadley's complaint contains no factual allegations to plausibly suggest any claim against Monroe County that is not barred by the two-year statute of limitations applicable to § 1983 suits in Illinois.

Hadley also objects to the recommendation that Hadley not be allowed to amend his complaint because the proposed amended complaint contains many of the same defects as the original complaint and does not comply with Local Rule 15.1, which requires underlining newly added material. It is true that the Court should allow amendments when justice requires, but it need not do so where amendment would be futile because the amended pleading suffers from the same defects as the original pleading. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). Hadley's proposed amended complaint suffers from many of the same defects as his original pleading. For this reason, the Court will not let him file the proposed amended complaint he has tendered. Hadley is free to draft another amended pleading that corrects the noted defects and to seek leave to file it.

The Court has reviewed the remainder of the Report – the parts to which Hadley did not object – and has found no clear error. Accordingly, the Court will adopt those portions of the Report as well.

## III. Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 54);

- **GRANTS** the motion to dismiss filed by St. Clair County Jail (Doc. 18) and **DISMISSES with prejudice** all claims against St. Clair County Jail;

- **GRANTS** the motion to dismiss filed by Monroe County, Illinois, Monroe County Board and Monroe County Jail (Doc. 28) and **DISMISSES with prejudice** all claims against Monroe County, Illinois, Monroe County Board and Monroe County Jail;

- **GRANTS in part** and **DENIES in part** the motion to dismiss filed by Quinn, State Appellate Defender and IDOC (Doc. 29) and **DISMISSES with prejudice** the claims against the State Appellate Defender and IDOC in their entirety, and against Quinn in his official capacity;

- **GRANTS in part** and **DENIES in part** the motion to dismiss filed by Engelman and Chaney (Doc. 47) and **DISMISSES with prejudice** the claims against Engelman and Chaney in their official capacities;

- **DENIES without prejudice** the motion for leave to amend filed by Hadley (Doc. 49); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Defendants St. Clair County Jail, Monroe County, Monroe County Board, Monroe County Jail, State Appellate Defender and IDOC are terminated from this case.

**SO ORDERED.**
**DATED: June 14, 2011.**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **UNITED STATES DISTRICT JUDGE**