IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE B. HADLEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  10-cv-468-JPG-PMF |
| | ) |
| PAT QUINN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Willie B. Hadley's appeal (Doc. 70) of Magistrate Judge Frazier's October 18, 2011, order (Doc. 67) denying Hadley's motion for leave to file an amended complaint (Doc. 66). The defendants have responded to that appeal (Doc. 71).

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Hadley filed his second motion for leave to file an amended complaint. His original complaint challenges the legality of a plea agreement into which he entered in 1976 and his subsequent 33-year incarceration and parole violation. In his motion for leave to amend, he asks for permission to file a pleading that adds eight new parties and expands his allegations to include First Amendment and Fourteenth Amendment equal protection claims. Since allowing the amendment would necessarily disrupt the scheduling order, Magistrate Judge Frazier applied

Federal Rule of Civil Procedure 16(b)(4), which requires good cause for modifying a scheduling order, as well as Federal Rule of Civil Procedure 15(a), which provides that leave to amend should be allowed where it is in the interest of justice. He found that the materials Hadley submitted did not explain his delay in seeking to add the new parties and claims or show that the new parties would not suffer prejudice from that delay. He concluded that Hadley had not shown good cause for modifying the scheduling order and that allowing the amendment was not in the interest of justice.

Hadley believes Magistrate Judge Frazier's decision is biased and arbitrary because (1) his amended pleading does not, in fact, seek to add any new claims, (2) shortly after denying Hadley's motion based on the scheduling order, Magistrate Judge Frazier granted the defendants' motion to modify the scheduling order, and (3) Magistrate Judge Frazier denied Hadley's motion for leave to amend despite no opposition from the defendants. Hadley also complains about other decisions Magistrate Judge Frazier has made in this case.

Hadley has not shown that Magistrate Judge Frazier's order was clearly erroneous or contrary to law. The Court has carefully reviewed Hadley's original complaint and finds that, although he repeatedly complains of violations of his due process rights under the Fourteenth Amendment, his rights to effective assistance of counsel and a fair trial under the Sixth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment, he does not state a claim for violation of his First Amendment rights or his equal protection rights under the Fourteenth Amendment. Magistrate Judge Frazier was correct that Hadley was attempting to add new claims by amending his complaint. Even if Hadley's proposed amended complaint had not sought to add new claims, the proposed addition of eight

new defendants sufficiently supports Magistrate Judge Frazier's decision.  In addition, there was no error in relying on the scheduling order to deny Hadley's motion while modifying the scheduling order upon the defendants' request;  the defendants' motion was better supported and showed good cause.  Finally, the lack of opposition to a motion does not require the Court to grant it if it has no merit.  Hadley's appeal has no merit.

For these reasons, the Court **OVERRULES** Hadley's objection (Doc. 70) and **AFFIRMS** Magistrate Judge Frazier's order (Doc. 67).  The Court further **CONSTRUES** Hadley's objection (Doc. 70) to contain a motion for Magistrate Judge Frazier's recusal and **REFERS** that motion to Magistrate Judge Frazier pursuant to Local Rule 72.1(c).  *See* 12 James Wm. Moore et al., *Moore's Federal Practice* § 63.60[1][a] ("The initial decision whether or not to adjudicate a case rests with the individual judge assigned to it.").  The defendants shall have 14 days from the entry of this order to respond to the motion for recusal.

**SO ORDERED.**
**DATED:  December 5, 2011.**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **UNITED STATES DISTRICT JUDGE**