IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE B. HADLEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-cv-468-JPG-PMF |
| | ) |
| PAT QUINN, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are cross motions for summary judgment (Doc. Nos. 79, 90). Plaintiff Willie B. Hadley, Jr. brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated rights protected by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Hadley's claims are based on a series of events beginning with his conviction in 1976 in St. Clair County Circuit Court, and ending with his second release from state confinement on April 16, 2010. Hadley seeks various forms of relief from defendants Angela D. Chaney, Julie Davinroy, and Dale Engelman based on revocation of parole in 2009. He seeks relief from defendant Pat Quinn based on Quinn's failure to provide a remedy in 2010. Recently, the parties were instructed to brief questions regarding application of the *Rooker-Feldman* doctrine. Supplemental briefs are on file (Doc. Nos. 93, 100).

### I. Background

Hadley was arrested on July 15, 1976, and confined for a short period of time in the Monroe County Jail. Hadley was successful in seeking a change of venue to adjacent St. Clair County.

Following plea negotiations, Hadley plead guilty to a charge of first-degree murder. The prosecutor dismissed a second charge (armed robbery) and agreed not to present evidence in aggravation at Hadley's sentencing hearing.

On December 14, 1976, Hadley was sentenced on the murder charge and was ordered to serve not less than 24 years nor more than 74 years in prison. In selecting that sentence, the Judge considered factors in aggravation gleaned from a pre-sentence report. Hadley was then transferred to the custody of the Illinois Department of Corrections (IDOC) and was held until May 7, 2007, when he was released on a mandatory 3-year parole term. On December 30, 2009, a parole violation report was prepared and Hadley was taken back into custody. Hadley was released a second time on April 16, 2010.

Hadley is no longer confined. His efforts to challenge his 1976 conviction in state and federal courts were not successful.[1]

**II.**     ***Rooker-Feldman***

Hadley seeks a determination that his 1976 St. Clair County conviction violates the Due Process Clause of the Fourteenth Amendment. Specifically, he maintains that his conviction was based on defective plea proceedings, citing to the decision in *U.S. v. Cook*, 668 F.2d 317 (7th Cir. 1982)(withdrawal of plea allowed where government breached promise to offer nothing in aggravation of sentence). He argues that this Court has jurisdiction to resolve allegations of federal law violations and that suit under § 1983 is proper when there is no remedy in habeas corpus.

---

[1] The Court takes judicial notice that Hadley's § 2254 petition for a writ of habeas corpus was denied in *Hadley v. Haws*, No. 97-c-6636 (N.D. Ill. October 5, 1998).

Hadley's effort to litigate the constitutionality of his 1976 conviction in this action runs headfirst into the *Rooker-Feldman* doctrine. That doctrine establishes that, except to the extent authorized by 28 U.S.C. § 2254, only the Supreme Court of the United States may set aside a judgment entered by a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007). Habeas corpus only provides a remedy to those who are in custody. 28 U.S.C. § 2254(b)(1). Because Hadley is not in custody, the only federal court with jurisdiction to evaluate the St. Clair County Circuit Court's judgment is the United States Supreme Court. Hadley's challenge to the validity of his 1976 conviction must be dismissed for lack of jurisdiction. To the extent Hadley seeks summary judgment in his favor on his challenge to the 1976 conviction, that request must be denied.

Hadley also challenges more recent conduct: (1) a decision by defendants Chaney, Davinroy and Engelman to revoke parole in December, 2009, and (2) defendant Quinn's failure to provide a remedy after being asked to do so through correspondence sent in 2010. These claims may be considered without reviewing Hadley's state court judgment.[2] Accordingly, the motions are considered only with respect to these two events.

### III. Revocation of Parole

As noted above, Hadley was released from confinement on May 7, 2007, to serve a mandatory 3-year parole term. Julie Davinroy and Angela Chaney signed a parole violation report

---

[2] In their supplemental brief, defendants Chaney, Davinroy, Engelman, and Quinn argue *res judicata* (Doc. No. 93, p. 5). Because the defense motion for summary judgment did not seek a ruling on this affirmative defense, it is not presently before the Court. Supplemental briefs were required only on the jurisdictional issue.

on December 30, 2009.[3]  Engelman, Davinroy, and Chaney took Hadley back into custody on the same day (Doc. No. 90-2, p. 7).  Hadley remained in custody for approximately three and one-half months, until April 16, 2010.

Hadley's challenge to the revocation of his parole is based on allegations that his 3-year parole term expired before he was taken back into custody on December 30, 2009.  Hadley believes his parole term was subject to statutory good time credits and actually expired on July 14, 2008 (Doc. No. 1, pp. 7, 13-14; Doc. No. 80-1, p. 31).

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The facts and all reasonable inferences are drawn in favor of the nonmoving party.  *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

In support of their motion, defendants Chaney, Davinroy, and Engelman first argue that Hadley was still on parole when he was returned to custody in December, 2009.  They maintain that the IDOC does not award statutory good time credits to parolees (Doc. No. 80, pp. 2-3).  The merit of this position cannot be evaluated because there is no information explaining how the IDOC calculated Hadley's parole term.  While the defendants point to portions of the Illinois Code of Corrections, they do not say how the IDOC would apply current statutory provisions to Hadley, who was sentenced in 1976 and paroled in 2007.  The materials submitted by Hadley are similarly unhelpful.  Hadley tenders administrative directives issued by the Director for the IDOC in 1996 and

---

[3] The parole violation report was not submitted as a single, complete document.  Portions were filed as Doc. No. 80-1, p. 39 and Doc. No. 90-1, pp. 4, 6.

2001 (Doc. No. 90-1, pp. 23-30). Assuming these materials apply to a parole decision in 2007, they do not indicate that Hadley's parole term ended prior to December, 2009. At this time, neither party has shown an entitlement to judgment in his/their favor as a matter of law. Fed. R. Civ. P. 56(a), (c)(3).

Defendants Chaney, Davinroy, and Engelman also argue that Hadley's parole was not revoked because of his failure to complete an anger management class (Doc. No. 80, p. 3). This argument addresses a non-issue. Hadley's federal claim is based on allegations that he was taken back into custody after his parole term expired (Doc. No. 1).

### IV. Involvement of Defendant Quinn

Defendant Quinn seeks judgment in his favor for lack of involvement. Hadley alleges that Quinn was notified through correspondence of illegalities and failed to respond or arrange for Hadley to be released from confinement (Doc. No. 1, pp. 14-15). Quinn argues that he was not involved in the revocation of Hadley's parole and had no free-floating obligation to intervene to correct an error made by other state officials (Doc. No. 80, p. 4).

The materials on file show that Hadley sent several pieces of correspondence to Quinn in February, 2010, seeking an investigation and/or some type of executive order. These letters described Hadley's conviction and subsequent arrest for a parole violation (Doc. No. 80-1, p. 24).

Quinn may be held liable if he caused the alleged deprivation of Constitutional rights. *Smith v. City of Chicago*, 913 F.2d 469, 472 (7th Cir. 1990). The Court considers whether Quinn was directly and personally involved in a constitutional deprivation and whether the deprivation occurred at Quinn's direction or with his knowledge and consent. *Black v. Lane*, 22 F.3d 1395, 1401 (7th

Cir. 1994). The Court of Appeals determined that there is no "general duty of rescue" because public employees are not responsible for the misdeeds of other public employees. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Hadley has not presented facts which reasonably permit an inference that Quinn caused a Constitutional deprivation. Quinn's failure to act on information provided in Hadley's correspondence could not support a finding of § 1983 liability. Because Quinn had no duty to provide gratuitous rescue services, he is entitled to judgment in his favor.

### V. **Qualified Immunity**

Defendants Chaney, Davinroy, and Engelman seek a ruling in their favor on the defense of qualified immunity, suggesting that inmates do not receive good conduct credits while on parole. Hadley responds that those who keep an inmate in custody beyond his outdate are not entitled to qualified immunity.

The doctrine of qualified immunity protects government officials from liability for civil damages when their conduct does not clearly violate established statutory or constitutional rights of which a reasonable person would have known. *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010) *citing Pearson v. Callahan*, 555 U.S. 223, (2009). On a qualified immunity claim, the Court confronts two questions: (1) whether the plaintiff's allegations make out a deprivation of a constitutional right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *McAllister*, 615 F.3d at 881.

As noted above, Hadley was released on a 3-year term of parole on May 7, 2007, and was taken back into custody on December 30, 2009. Hadley seeks to avoid the qualified immunity defense by claiming that he was taken back into custody beyond his mandatory release date. He

relies on *Davis v. Hall*, 375 F.3d 703, 713-14 (8th Cir. 2004), where qualified immunity was denied to those who had prolonged incarceration after an inmate was ordered released.

The Court is not persuaded that *Davis* recognized a Constitutional right applicable to Hadley's particular circumstances. In 1976, Hadley was ordered to serve an indeterminate term of 24 – 74 years in prison. He was taken back into custody on December 30, 2009. That date fell within the 3-year parole term ordered on May 7, 2007, as well as the maximum term of Hadley's sentence. Hence, unlike Davis, Hadley was not held in custody beyond the date of a judicial order directing his release. The Court's own research has turned up no decisions suggesting that, in 2009, Hadley had a clearly established right not to be retaken into custody in these or factually similar circumstances. Accordingly, defendants Chaney, Davinroy, and Engelman are entitled to qualified immunity.

## VI. Conclusion

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 79) be GRANTED and that plaintiff's cross-motion for summary judgment (Doc. No. 90) be DENIED. Hadley's challenge to the validity of his 1976 conviction should be dismissed for lack of jurisdiction. Judgment should be entered in favor of defendants Chaney, Davinroy, Engelman, and Quinn on Hadley's remaining claims. If this recommendation is adopted, Hadley's motion for appointment of counsel (Doc. No. 96) will be moot.

**SUBMITTED:** May 7, 2012 .

        S/Philip M. Frazier
        **PHILIP M. FRAZIER**
        **UNITED STATES MAGISTRATE JUDGE**