IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE B. HADLEY, JR., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 10-cv-468-JPG-PMF |
| | ) |
| PAT QUINN, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation (Doc. 101) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motion for summary judgment filed by defendants Angela D. Chaney, Julie Davinroy, Dale Engelman and Pat Quinn (Doc. 79) and deny the motion for summary judgment filed by plaintiff Willie B. Hadley (Doc. 90). Hadley has objected to the Report (Doc. 104).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**I.** **Report**

In the Report, Magistrate Judge Frazier finds that, under the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to entertain Hadley's due process challenge to his 1976 conviction for first degree murder. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Magistrate Judge Frazier further finds that, with respect to Hadley's claim that his parole had already expired when he was taken into custody for a parole revocation on December 30, 2009, no party has established that he is entitled to judgment as a matter of law on the merits.  Nevertheless, Magistrate Judge Frazier finds that Chaney, Davinroy and Engelman are entitled to qualified immunity because it was not clearly established in 2009 that it was unconstitutional to take an individual into custody for a parole revocation within the parole term ordered when he was originally released from prison and within the maximum term of his sentence.  As for Hadley's claim that Quinn is liable because he failed to arrange for Hadley's release after Hadley notified him in February 2010 of the wrongful revocation, Magistrate Judge Frazier finds that Quinn did not cause any constitutional violation and had no duty to rescue Hadley from the constitutional violations of others.

## II.     Objection

In his objection, Hadley disagrees that the *Rooker-Feldman* doctrine applies.  He cites *Spencer v. Kemna*, 523 U.S. 1 (1998), and *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000), in support of his right to bring this § 1983 suit when habeas relief is no longer available to him because he has been released from custody.  He also believes qualified immunity does not apply to the challenge to his conviction or to his parole revocation.

## III.    Analysis

The Court reviews the parts of the Report to which Hadley objects *de novo* and the remaining parts for clear error.

      A.      <u>Challenge to Conviction</u>

The Court first examines the Report's conclusion that the *Rooker-Feldman* doctrine prevents the Court from exercising jurisdiction over Hadley's challenge to his conviction.

Because Hadley seeks a civil judgment that would call into question his criminal conviction, the Court first considers *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted criminal cannot bring a § 1983 civil suit for damages questioning the validity of his conviction until the conviction is overturned. *Id.* at 486-87; *DeWalt v. Carter,* 224 F.3d 607, 614-15 (7th Cir. 2000). It is clear that if Hadley were to succeed in proving his plea was obtained in violation of his constitutional rights, it would call into question the validity of his conviction. That conviction has not been overturned, so it is appears that *Heck* would bar Hadley's claim.

However, there is probably an exception to the *Heck* bar for litigants for whom habeas corpus relief is unavailable, for example, because they are not "in custody." *See Spencer v. Kemna*, 523 U.S. 1, 21 (1998) (Souter, J., concurring) ("a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy"); *id.* at 25 n. 8 (Stevens, J., dissenting) ("Given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear . . . that he may bring an action under § 1983."). Only those "in custody" may file habeas actions. Thus, because Hadley is no longer "in custody" and can no longer seek relief through habeas, it appears *Heck* may not bar his claim. This is essentially Hadley's point in his objections – that *Heck* does not bar his § 1983 suit challenging his state court conviction. He

may be right.

However, Magistrate Judge Frazier is correct that the *Rooker-Feldman* doctrine does. The *Rooker-Feldman* doctrine, established in the cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prevents a party from attempting to relitigate in federal district court a judgment entered in state court. *Feldman*, 460 U.S. at 486. The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

Here, the constitutionality of Hadley's conviction was litigated and decided against him in the state court. The case at bar, which was commenced after all of Hadley's state court proceedings involving his conviction terminated, asks this Court to review and reject aspects of those decisions. Thus, the *Rooker-Feldman* doctrine applies, and this Court does not have jurisdiction to hear claims that Hadley's conviction was unconstitutional.

B.  Qualified Immunity

Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). It protects an official from suit "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). It applies only to state

officials who occupy positions with discretionary or policymaking authority and who are acting in their official capacities.  *Harlow*, 457 U.S. at 816; *Denius*, 209 F.3d at 950.

      The qualified immunity test has two prongs:  (1) whether the facts shown, taken in the light most favorable to the party asserting the injury, demonstrate that the officer's conduct violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct.  *Pearson*, 555 U.S. at 232;  *see Brosseau*, 543 U.S. at 197; *Wilson v. Layne*, 526 U.S. 603, 609 (1999).  The plaintiff bears the burden of demonstrating under the second prong that a constitutional right is clearly established.  *Denius*, 209 F.3d at 950.

      Hadley has failed to point the Court to any Supreme Court or Seventh Circuit Court of Appeals decision clearly establishing that defendants Chaney, Davinroy or Engelman violated his constitutional rights when they took him into custody for a parole violation within three years after his placement on a three-year parole term and within the outer bounds of the sentence imposed by the court in Hadley's original conviction.  Thus, those defendants are entitled to qualified immunity.

      Hadley also disputes the application of qualified immunity to his challenge to his conviction, but qualified immunity was not the basis of the Report's recommended disposition of that claim.

      C.    <u>Personal Involvement</u>

      Hadley does not challenge Magistrate Judge Frazier's finding that Quinn was not personally involved in any constitutional violation.  That portion of the Report is not clearly erroneous or contrary to law.

**IV.    Conclusion**

For the foregoing reasons, the Court:

•   **ADOPTS** the Report in its entirety (Doc. 101);

•   **OVERRULES** Hadley's objections (Doc. 104);

•   **GRANTS** the motion for summary judgment filed by defendants Angela D. Chaney, Julie Davinroy, Dale Engelman and Pat Quinn (Doc. 79);

•   **DENIES** Hadley's motion for summary judgment (Doc. 90);

•   **DISMISSES** Hadley's claim challenging his conviction for **lack of jurisdiction**;

•   **DENIES as moot** Hadley's motion for appointment of counsel (Doc. 96) and

•   **DIRECTS** the Clerk of Court to enter judgment accordingly.

**SO ORDERED.**
**DATED:  September 21, 2012.**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **UNITED STATES DISTRICT JUDGE**